MATTER OF C——

In VISA PETITION Proceedings

A-11022931

*Decided by Board March 4, 1960*

Fourth preference quota status—Adult married stepdaughter may qualify.

Married stepdaughter, age 45, held eligible on petition of citizen stepfather for fourth preference quota status as "daughter" within meaning of section 203(a)(4) of the Immigration and Nationality Act, as amended, provided there existed an original relationship of stepparent and stepchild validly created according to the definition in section 101(b)(1)(B) of the amended Act. (*Matter of C——*, 5 I. & N. Dec. 512, modified.)

BEFORE THE BOARD

**Discussion:** The case comes to us on certification from the decision dated February 5, 1960, of the Regional Commissioner, Northeast Regional Office, approving the visa petition for preference quota status under section 203(a)(4) of the Immigration and Nationality Act on behalf of the beneficiary.

The petitioner, a native of Italy, 67 years old, male, became a naturalized citizen of the United States on October 4, 1949. He seeks preference quota status on behalf of the beneficiary, a native and citizen of Italy, 45 years old, female, married. The beneficiary is the legitimate child of the first marriage of the petitioner's wife. The petitioner married the beneficiary's mother in Italy on April 6, 1922, when the beneficiary was less than eight years old.

The beneficiary is over 21 years of age and is the married stepdaughter of the petitioner. The only preference status under which she could be considered is section 203(a)(4) of the Immigration and Nationality Act as amended by the Act of September 22, 1959 (73 Stat. 644), which grants fourth preference status to brothers, sisters, married sons or married daughters of citizens of the United States. The question, therefore, is whether the beneficiary, as a stepdaughter, comes within the term "daughter" as used in section 203(a)(4) of the Immigration and Nationality Act.

In *Matter of C——*, 5 I. & N. Dec. 512 (1953), it was held that stepdaughters were not eligible for a preference as "daughters" within the meaning of section 203(a)(4) of the Immigration and

Nationality Act. The facts set forth in the case do not reflect the age of the beneficiary when the second marriage, which made her the stepdaughter of the petitioner, occurred.

In *Matter of G——*, A-7444373, Int. Dec. No. 1004 (May 28, 1959), we had under consideration the eligibility for the exercise of the discretion contained in section 7 of the Act of September 11, 1957 (Public Law 85-316), on behalf of an alien parent of an *adult* citizen of the United States. It was held that such a person satisfied the requirements of the definition of a parent in section 101(b) (2) of the Immigration and Nationality Act and was eligible for the benefits of section 7 of the Act of September 11, 1957, on the theory that once a parent qualified as such under section 101(b)(2) of the Immigration and Nationality Act, he remained a parent even after the child became married or over 21 years of age.

Section 203(a)(4) of the Immigration and Nationality Act as amended by section 3 of the Act of September 22, 1959 (Public Law 86-363), grants preference quota status to qualified quota immigrants who are the married sons or married daughters of citizens of the United States. Section 5(b) of the amendatory Act of September 22, 1959, provides that no petition for quota immigrant status or preference status in behalf of a son or daughter under paragraph (2), (3), or (4) of section 203(a) of the Immigration and Nationality Act shall be approved by the Attorney General unless the petitioner establishes that he is a "parent" as defined in section 101(b)(2) of the Immigration and Nationality Act of the alien in respect to whom the petition is made.

Section 101(b)(2) defines the term "parent" for immigration purposes as existing only where the relationship exists by reason of any of the circumstances set forth in section 101(b)(1) of the act. The pertinent subparagraph relating to a stepchild and stepparent for immigration purposes is set forth in subparagraph (B) of section 101(b)(1), which sets forth the circumstances relating to a stepparent to mean a stepchild, whether or not born out of wedlock, provided the child has not reached the age of 18 years at the time the marriage creating the status of stepchild occurred. Once the relationship of stepparent and stepchild is shown to exist in accordance with the immigration definition set forth in sections 101(b)(1) and 101(b)(2), the person involved comes within the eligible class of a parent. The limitation on the term "child" requires that the person be unmarried and under 21 years of age, and the limitation on the term "stepchild" requires that the marriage creating the status of stepchild occur before the child becomes 18 years old. Thereafter, when the child becomes more than 21 years old or married, that person becomes a son or daughter, or, as in this case, a stepson or stepdaughter. However, the parent or the

stepparent always remains a parent or stepparent, once the original conditions of the definition have been met (*Matter of G——*, A-7444373, Int. Dec. No. 1004).

In the instant case, the beneficiary, whose father died in 1917 and whose mother married the petitioner when the beneficiary was but seven years of age, comes within the definition of stepchild. The petitioner qualifies as a stepfather by virtue of the fact that the relationship exists by reason of the circumstances relating to stepchild as set forth in section 101(b)(1)(B) of the Immigration and Nationality Act. Section 203(a)(4) of the Immigration and Nationality Act as amended by the Act of September 22, 1959 (73 Stat. 644), grants fourth preference status to married sons or daughters of citizens of the United States. The relationship of stepfather and stepchild having originally been validly created according to the definition set forth in the immigration laws, now becomes a relationship of stepfather and stepdaughter since she is now over 21 and married. The visa petition is approved for fourth preference status on behalf of the beneficiary. It is not deemed necessary to consider variations of the situation presented in this case, since the answer to such hypothetical circumstances would necessarily follow from the decision herein and will be decided when a proper case arises.

**Order:** It is ordered that the order of the Regional Commissioner, Northeast Region, dated February 5, 1960, approving the petition to accord the beneficiary fourth preference status is hereby approved.