MATTER OF CITINO

In Visa Petition Proceedings

A-17754878

*Decided by Board September 1, 1967*

A visa petition filed by a United States citizen to accord her stepmother, the beneficiary, immediate relative status is approved where the petitioner, although married, had not reached the age of 18 years at the time of her father's marriage to beneficiary in 1949 creating the stepchild relationship.

ON BEHALF OF PETITIONER: Angelo O. Provenzano, Esquire
                                     30 West Washington Street
                                     Chicago, Illinois 60602

The case is before us upon our own motion to reconsider the prior decision which was rendered July 17, 1967.[1]

The case involves a visa petition filed by a native of Italy, a naturalized citizen of the United States, 33 years old, female, to classify the status of the beneficiary as her stepmother. The beneficiary is a native and citizen of Italy, 51 years old. The documents submitted established that the beneficiary became the stepmother of the petitioner by marriage to the widowed father of the petitioner on January 1, 1950. Prior to that marriage creating the steprelationship, the petitioner had been married on September 11, 1949. In view of the fact that section 101 (b) (2) defines the term "parent" to mean a parent only where the relationship exists by reason of one of the circumstances set forth in section 101(b) (1), and that the latter section in pertinent part defines the term "child" to mean an unmarried person under 21 years of age, in our order of July 17, 1967 we dismissed the appeal from the order of the District Director, Chicago District, dated April 13, 1967 denying the visa petition because the petitioner was not unmarried. Upon reconsideration, we believe our decision was erroneous.

Our guiding precedent is *Matter of G—*, 8 I. & N. Dec. 355. In that case the question was whether the alien could qualify for relief under the last clause of section 7 of the Act of September 11, 1957 (P.L. 85-

---

[1] 8 CFR 3.2.

316) as a parent of a United States citizen who was over 21 years of age. The definitions contained in section 101(b)(1) and (2) of the Immigration and Nationality Act were deemed applicable. Under section 101(b)(2) the term "parent" means a parent only where the relationship exists by reason of any of the circumstances set forth in subparagraph (1) of section 101(b). We agreed with the Department of State that the words "circumstances" as used in section 101(b)(2) does not relate to the words "unmarried" or "under 21 years of age" as used in section 101(b)(1) of the Act but that the crucial word in the definition of "parent" was *relationship* as defined in sections 101(b)(1)(A) to (E). It was apparent from the legislative history that Congress had in mind the family unit as such, that is, close relatives of United States citizens and permanent resident aliens, which it decided to keep together in order to alleviate the hardship of enforced separations. We concluded that the parent, once the required relationship has been established, always remains a parent.

In the instant case the "circumstances" have been met, that is, the steprelationship was created before the child had reached the age of 18 years at the time the marriage creating the relationship occurred. Inasmuch as the "circumstances" as set forth in section 101(b)(1)(B) of the definition have been met, that is, the marriage creating the status of stepchild occurred when the stepchild was under 18, the circumstances and the relationship existed under the immigration law. The fact that the child was over 21 or is unmarried is not pertinent to the "circumstances." The relationship of stepparent having been validly created pursuant to law because the marriage creating the steprelationship occurred when the citizen child was under 18 years of age, the stepparent remains a stepparent.

Our decision in *Matter of b—*, 8 I. & N. Dec. 355, was reaffirmed in *Matter of C—*, 8 I. & N. Dec. 592, where we repeated that the parent or the stepparent always remains a parent or stepparent, once the original conditions of the definition have been met. Accordingly, the visa petition will be approved for immediate relative status on behalf of the beneficiary.

ORDER: It is ordered that the visa petition be approved for immediate relative status on behalf of the beneficiary.