MATTER OF MOWRER

In Visa Petition Proceedings

A-19189896
A-34056013

*Decided by Board January 9, 1981*

(1) The viability of an existing marriage which is the basis for a stepparent/stepchild relationship is not relevant to a determination whether the status sought by the visa petition should be accorded, unless the parties to the marriage have legally separated.

(2) Where the parties to a marriage creating a stepparent/stepchild relationship have legally separated or where the marriage has been terminated by divorce or death, the appropriate inquiry is whether a family relationship has continued to exist as a matter of fact between the stepparent and stepchild. *Matter of Simicevic*, 10 I&N Dec. 363 (BIA 1963), modified.

(3) Since the beneficiaries' status as the petitioner's stepchildren was established by their prior admission to the United States on the basis of that status, and their relationship to the petitioner has not been terminated as a result of the petitioner's divorce or legal separation from the beneficiaries' mother, the visa petition was approved, despite the separation of the petitioner from the beneficiaries' mother since 1974, with no plans for reconciliation, and the beneficiaries' residence abroad with their mother during that time.

ON BEHALF OF PETITIONER:
Joseph A. Gatto, Esquire
2021 City National Bank Bldg.
Detroit. Michigan 48226

ON BEHALF OF SERVICE:
Gerald S. Hurwitz
Appellate Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, and Maguire, Board Members

The United States citizen petitioner applied for immediate relative status for the beneficiaries as his stepchildren under section 201(b) of the Immigration and Nationality Act, 8 U.S.C. 1151(b). The visa petitions were approved by the District Director on June 11, 1979, and July 22, 1979, but were subsequently returned to him by the American Embassy. Revocation proceedings were instituted, and, in a decision dated April 22, 1980, the District Director revoked the visa petitions. The petitioner has appealed from that decision. At oral argument, the Appellate Trial Attorney stated that the Service would not object to approval of the visa petitions. The appeal will be sustained, and the

visa petitions will be approved.

The petitioner is a 37-year-old native and citizen of the United States. The beneficiaries are natives and citizens of the Philippines. Maria was born on July 4, 1965, and Freddy on February 27, 1967. The record reflects that the petitioner married the beneficiaries' mother on January 10, 1969. Maria was admitted to the United States for permanent residence with her mother on July 16, 1969, and Freddy entered as a permanent resident on October 21, 1972. In his decision, the District Director noted that the petitioner has been separated from the beneficiaries' mother since 1974 with no plans for reconciliation, and that the beneficiaries have lived in the Philippines with their mother since she left this country.[1] On that basis, the District Director concluded that the petitioner no longer has a stepparent relationship to the beneficiaries.

On appeal, the petitioner contends that his separation from his wife should not preclude him as a matter of law from establishing that his relationship as stepparent to the beneficiaries is an existing one. He further argues that the evidence supports his claim that he has, in fact, continued his relationship as a stepparent to them.

Section 101(b)(1)(B) of the Act, 8 U.S.C. 1101(b)(1)(B), includes within the meaning of the term "child",

a stepchild, whether or not born out of wedlock, provided the child has not reached the age of eighteen years at the time the marriage creating the status of stepchild occurred.

It is clear from the facts of this case that the beneficiaries once qualified as the petitioner's stepchildren inasmuch as they were previously granted admission to this country on the basis of their mother's marriage to the petitioner. However, the District Director determined that their relationship as stepchildren to the petitioner no longer exists due to their physical separation from him and the fact that his marriage to their mother is no longer viable.

In denying the visa petition, the District Director cited as authority our decision in *Matter of Simicevic*, 10 I&N Dec. 363 (BIA 1963), where the Board examined the effect of dissolution of the marriage creating the stepparent/stepchild relationship on the subsequent existence of that relationship. It was determined in that case that the affinity created by the marriage had terminated upon divorce of the parents because the marriage had been childless, the beneficiary remained in the custody of her natural father, and both parents had since remarried twice. However, in a factually different context, the Board found that the death of the natural parent did not result in termination of

---

[1] The decision states that Freddy returned to the Philippines in July 1974, and Maria left in July 1975.

the stepparent/stepchild relationship where the evidence indicated that a family relationship had continued between the petitioner and beneficiary as a matter of fact. *See Matter of Pagnerre*, 13 I&N Dec. 688 (BIA 1971).

The instant case is distinguishable from both of those situations in that the petitioner's marriage to the beneficiaries' mother has not been terminated by law, but merely appears to be nonviable. In recent decisions, this Board has ruled that the viability of an alien's marriage can no longer be determinative of his entitlement to immigration benefits. *See Matter of Pierce*, Interim Decision 2812 (BIA 1980); *Matter of Boromand*, Interim Decision 2811 (BIA 1980); *Matter of McKee*, Interim Decision 2782 (BIA 1980); *but see Matter of Lenning*, Interim Decision 2817 (BIA 1980). Accordingly, we now conclude that the viability of an existing marriage which is the basis for a stepparent/stepchild relationship is not relevant to a determination whether the status sought by the visa petition should be accorded, unless the parties to the marriage have legally separated. *See Matter of Lenning, id.* We believe that the appropriate inquiry in cases where there has been a legal separation or where the marriage has been terminated by divorce or death is whether a family relationship has continued to exist as a matter of fact between the stepparent and stepchild. It is our opinion that such a test is consistent with both our decisions in *Matter of Simicevic, supra*, and *Matter of Pagnerre, supra*, since the emphasis in each case was on the factual situation of the stepparent and stepchild subsequent to the termination by law of the affinity created between them by the marriage. However, to the extent that *Matter of Simicevic* may be construed to preclude the continued existence of the relationship as a matter of law, it is hereby modified.

Inasmuch as the beneficiaries were once admitted to this country as the petitioner's stepchildren, it has clearly been established that the requisite relationship between them does exist. Since that relationship has not been terminated as a result of the petitioner's divorce or legal separation from the beneficiaries' mother, we conclude that the appeal should be sustained, and the visa petitions should be approved.

ORDER: The appeal is sustained, and the visa petitions are approved.