# Matter of Hugo PORTILLO-GUTIERREZ, Respondent

File A098 672 802 - El Paso, Texas

*Decided November 30, 2009*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A stepchild who meets the definition of a "child" under section 101(b)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1101(b)(1)(B) (2006), is a qualifying relative for purposes of establishing exceptional and extremely unusual hardship for cancellation of removal under section 240A(b)(1)(D) of the Act, 8 U.S.C. § 1229b(b)(1)(D) (2006).

FOR RESPONDENT: Erlinda O. Johnson, Esquire, Albuquerque, New Mexico

FOR THE DEPARTMENT OF HOMELAND SECURITY: William M. Hunt, Assistant Chief Counsel

BEFORE: Board Panel: ADKINS-BLANCH and GUENDELSBERGER, Board Members; KING, Temporary Board Member.

ADKINS-BLANCH, Board Member:

In a decision dated September 3, 2008, an Immigration Judge found the respondent removable, denied his application for cancellation of removal pursuant to section 240A(b)(1)(D) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b)(1)(D) (2006), but granted him voluntary departure. The respondent has appealed from that decision. The appeal will be sustained and the record will be remanded to the Immigration Judge.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a 30-year-old native and citizen of Mexico. He admitted that he entered the United States on or about September 1, 1996, without being admitted or paroled. The respondent was married to a lawful permanent resident on May 25, 2007, but the record reflects that they have been together for about 10 years. He and his wife have two sons, aged 8 and 9. The respondent's wife has two other children, a son and a daughter who has special needs. Both the respondent and his wife testified that he is the primary caretaker of the children.

The Immigration Judge found that the respondent met the requirements of physical presence and good moral character for cancellation of removal but concluded that he did not establish the necessary level of exceptional and extremely unusual hardship to warrant a grant of relief. With regard to hardship, the Immigration Judge stated that "the respondent does have in the household a child . . . that he considers to be his daughter. However, there is no evidence to establish that the respondent has adopted this child, or that this child is considered the respondent's child as that term is defined under the . . . Act." The Immigration Judge noted that the child has medical conditions, including speech difficulties, and that she has present and future special needs. Nevertheless, he stated that he would "no longer address this child as being a qualifying relative" and concluded that "the child's condition is considered only for limited purposes" as it related to the hardship of the respondent's wife.

## II. ANALYSIS

The Act defines a "child" as "an unmarried person under twenty-one years of age." Section 101(b)(1) of the Act, 8 U.S.C. § 1101(b)(1) (2006). This definition includes a stepchild, provided the child had not reached the age of 18 years at the time the marriage creating the status of stepchild occurred. Section 101(b)(1)(B) of the Act. No separate adoption is required for a stepchild to be considered a "child."

The record indicates that the respondent married his wife in May of 2007, at which time her children became his stepchildren. At the time of the hearing before the Immigration Judge, which occurred in September 2008, the respondent's stepdaughter was 12 years old and therefore qualified as his "child" within the meaning of section 101(b)(1)(B) of the Act. Thus, she should have been given full consideration as a qualifying relative in evaluating the hardship in this case. *See* section 240A(b)(1)(D) of the Act. Furthermore, the respondent's stepson, who was 15 years old at the time of the proceedings below, should also have been considered a qualifying relative.

We therefore find it appropriate to remand the record for the Immigration Judge to reevaluate his findings concerning the hardship that the respondent's family might suffer if he is removed from the United States.[1]

---

[1] In regard to the Immigration Judge's statement that the respondent's wife could become a naturalized United States citizen and file a visa petition on his behalf, we note that the respondent could not adjust his status in the United States under section 245(i) of the Act, 8 U.S.C. § 1255(i) (2006), on the basis of such a visa petition because it could not have been filed until after their marriage in 2007. *See* section 245(i)(1)(B)(i) of the Act. Further, the

(continued...)

**ORDER:**  The appeal is sustained**.**

**FURTHER ORDER:**  The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

---

(...continued)

respondent might be subject to section 212(a)(9)(B)(i) of the Act, 8 U.S.C. § 1182(a)(9)(B)(i) (2006), and would need a waiver of that ground of inadmissibility before he could be admitted into the United States.