# Matter of Ernesto Javier MORALES, Respondent

File A075 533 095 - Los Angeles, California

*Decided January 27, 2010*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A stepparent who qualifies as a "parent" under section 101(b)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1101(b)(2) (2006), at the time of the proceedings is a qualifying relative for purposes of establishing exceptional and extremely unusual hardship for cancellation of removal under section 240A(b)(1)(D) of the Act, 8 U.S.C. § 1229b(b)(1)(D) (2006).

FOR RESPONDENT: Alejandro Garcia, Esquire, Commerce, California

BEFORE: Board Panel: COLE, PAULEY, and GREER, Board Members.

PAULEY, Board Member:

In a decision dated July 14, 2008, an Immigration Judge found the respondent removable, denied his application for cancellation of removal under section 240A(b) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b) (2006), and granted his request for voluntary departure. The respondent has appealed from the Immigration Judge's denial of cancellation of removal. The appeal will be sustained and the record will be remanded to the Immigration Judge.

On appeal, the respondent argues that the Immigration Judge erred in not considering his stepfather as a qualifying relative in evaluating the hardship that would result from his removal from the United States. With regard to hardship, the Immigration Judge stated that the only qualifying relative in this case is the respondent's lawful permanent resident mother. The Immigration Judge noted that the respondent has a United States citizen stepfather who has been married to his mother for "20 plus" years, but he did not consider the respondent's stepfather as a qualifying relative.

We first look to the relevant definitions of a "parent" and "child" in sections 101(b)(1) and (2) of the Act, 8 U.S.C. § 1101(b)(1) and (2) (2006). Under section 101(b)(2), the term "parent" means a parent "only where the relationship exists by reason of any of the circumstances" set forth in section 101(b)(1). Section 101(b)(1) of the Act defines a "child" as "an unmarried person under twenty-one years of age." This definition includes a stepchild,

"provided the child had not reached the age of eighteen years at the time the marriage creating the status of stepchild occurred." Section 101(b)(1)(B) of the Act.

In the context of adjudicating visa petitions, we have long held that once the required steprelationship has been established, a stepparent remains a parent, even if the "child" has married or is over 21 years of age, provided the marriage creating the steprelationship continues to exist. *See Matter of Mourillon*, 18 I&N Dec. 122, 125-26 (BIA 1981) (noting that a steprelationship may be terminated by the death, divorce, or legal separation of the parties whose marriage created the steprelationship); *Matter of Citino*, 12 I&N Dec. 427, 428 (BIA 1967) (stating that where a valid steprelationship has been created, a stepparent remains a stepparent despite the marriage of the "child"); *see also Matter of Mowrer*, 17 I&N Dec. 613, 615 (BIA 1981); *Matter of C-*, 8 I&N Dec. 592, 593-94 (BIA 1960). Furthermore, we have followed this reasoning for purposes of determining hardship to family members in the context of considering eligibility for discretionary relief. *See Matter of G-*, 8 I&N Dec. 355, 359 (BIA 1959); *cf. Matter of Portillo-Gutierrez*, 25 I&N Dec. 148 (BIA 2009) (holding that a stepchild who meets the definition of a "child" under section 101(b)(1)(B) of the Act *at the time of the proceedings* is a qualifying relative for purposes of establishing exceptional and extremely unusual hardship for cancellation of removal under section 240A(b)(1)(D)). Therefore, in accord with our prior precedents, we conclude that a stepfather who qualifies as a "parent" under section 101(b)(2) of the Act at the time of the proceedings is a qualifying relative for purposes of establishing exceptional and extremely unusual hardship for cancellation of removal under section 240A(b)(1)(D) of the Act.

At the time of the respondent's hearing on July 14, 2008, his stepfather had been married to his mother for over 20 years. The respondent was born on November 7, 1972. Therefore, under the facts as determined by the Immigration Judge, the respondent would have been, at most, 15 years old when his stepfather became his parent. Consequently, the required steprelationship was validly created pursuant to law because it was established prior to the time the respondent reached the age of 18 years. Accordingly, the respondent's stepfather should have been given full consideration as a qualifying relative in evaluating the hardship in this case. We therefore find it appropriate to remand the record for the Immigration Judge to reevaluate his findings concerning the hardship required for cancellation of the respondent's removal under section 240A(b)(1)(D) of the Act.

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.