**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1272
_____

ROBERT D. CREW,
                                                  Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                  Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A89 510 076)
Immigration Judge:  Honorable Susan Roy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 6, 2010

Before: RENDELL, FISHER and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed October 7, 2010)
_____

OPINION
_____

PER CURIAM

        Robert Crew petitions for review of a Board of Immigration Appeals ("BIA")

order dismissing his appeal of an Immigration Judge's ("IJ") decision, which pretermitted

his application for cancellation of removal.  We will deny the petition for review.

Crew is a native and citizen of Jamaica who was admitted to the United States in 1990. The Department of Homeland Security issued a notice to appear in 2008 charging that Crew was subject to removal because he had remained in the United States longer than permitted. Crew conceded his removability and applied for cancellation of removal for nonpermanent residents pursuant to 8 U.S.C. § 1229b(b). At his hearing before the IJ, Crew also conceded that he was not eligible for cancellation of removal because he did not have the requisite qualifying relative, but he stated that he had applied for relief in order to challenge the statute in federal court.

The IJ ruled that Crew is statutorily ineligible for cancellation of removal. The IJ explained that, in addition to establishing that he has been physically present in the United States for a continuous period of not less than ten years, has been a person of good moral character, and has not been convicted of certain offenses, Crew was required to show that his removal would result in exceptional and extremely unusual hardship to his spouse, parent, or child, who is a United States citizen or an alien lawfully admitted for permanent residence. See 8 U.S.C. § 1229b(b)(1). The IJ acknowledged that Crew has a daughter, but stated that she could not serve as a qualifying relative because she is too old. The IJ explained that, under 8 U.S.C. § 1101(b)(1), a "child" is defined as an unmarried person under 21 years of age. The IJ thus pretermitted Crew's application for cancellation of removal as a matter of law and ordered his removal to Jamaica.

The BIA dismissed Crew's appeal. Noting that Crew did not allege any clear error

2

in the IJ's factual findings, the BIA stated that the IJ correctly pretermitted Crew's application for cancellation of removal due to the lack of a qualifying relative. The BIA agreed with the IJ that Crew's daughter, who was 35 years old on the date of the hearing, was not a "child" for purposes of cancellation of removal. Crew had argued on appeal that the law should be changed to allow a child of any age to be considered a "child" for purposes of the hardship requirement, but the BIA noted that it could only interpret the laws as written by Congress. This petition for review followed.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review the BIA's legal determinations de novo, subject to the principles of deference articulated in Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984). Kaplun v. Attorney General, 602 F.3d 260, 265 (3d Cir. 2010).

Crew concedes in his brief that the existing case law supports the BIA's decision that a "child" for purposes of the hardship requirement for cancellation of removal is a person under 21 years of age. See Montero-Martinez v. Ashcroft, 277 F.3d 1137, 1145 (9th Cir. 2002) (applying the definition of "child" under 8 U.S.C. § 1101(b)(1) to the hardship requirement set forth in 8 U.S.C. § 1229b(b)(1)(D)); Matter of Hugo Portillo-Gutierrez, 25 I. & N. Dec. 148 (BIA 2009) (applying § 1101(b)(1) to determine whether a stepchild was a qualifying relative for purposes of § 1229b(b)(1)(D)). Crew asserts that the law should be changed to include all children and contends that his daughter is capable of suffering hardship as result of her father's removal. Such an argument,

3

however, is properly made to legislators, not to this Court.[1]

Crew also argues that his right to procedural due process was violated because his application for cancellation of removal was pretermitted without allowing him to present his case and establish the hardship that would result from his removal.[2]  Crew, however, does not have a cognizable procedural due process claim because there is no liberty interest at stake in an application for cancellation of removal, a discretionary form of relief.  See United States v. Torres, 383 F.3d 92, 104-05 (3d Cir. 2004) (stating aliens do not have a due process interest in being considered for discretionary relief); Pinho v. I.N.S., 249 F.3d 183, 189 (3d Cir. 2001) (holding change in eligibility criteria for suspension of deportation, a discretionary form of relief, did not implicate due process rights).

Accordingly, we will deny the petition for review.

_____

[1]The Government interprets Crew's argument as asserting a violation of his right to substantive due process.  We do not read Crew's brief as advancing such an argument.

[2]Crew does not identify in his brief the hardship that would result from his removal.

4