[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16504
Non-Argument Calendar
_____

Agency No. A094-809-903


ROSENDO BENITO RANGEL-PEREZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 18, 2013)

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Rosendo Rangel-Perez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeal's ("BIA") decision denying his (1) motion for reconsideration of the BIA's denial of his first motion to reopen, and (2) second motion to reopen. Through these motions, Rangel-Perez sought to reopen his application for cancellation of removal, filed pursuant to the Immigration and Nationality Act ("INA") § 240(a), 8 U.S.C. § 1229a(a). For the reasons that follow, we dismiss in part and deny in part Rangel-Perez petition for review.

## I. JURISDICTION

Ordinarily, we retain jurisdiction to review the denial of a motion to reopen or to reconsider. See Kucana v. Holder, 558 U.S. 233, 252-53, 130 S. Ct. 827, 840 (2010) (concluding that INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B) does not strip courts of jurisdiction to review denials of motions to reopen or reconsider made pursuant to 8 C.F.R.§ 1003.2).[1] We lack jurisdiction, however, to review the denial of an application for cancellation or removal under § 1229b except in appeals that raise a constitutional claim or a question of law. INA § 242(a)(2)(B)(i), (a)(2)(D), 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D); see also Alhuay v. U.S. Att'y Gen., 661 F.3d 534, 549-50 (11th Cir. 2011); Martinez v. U.S. Att'y Gen., 446 F.3d 1219, 1221-22 (11th Cir. 2006). Under our binding precedent, when review of the underlying order is barred by the INA's jurisdiction-

---

[1]"We review our subject matter jurisdiction de novo." Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).

stripping provisions, we also lack "jurisdiction to entertain an attack on that order" mounted through a motion to reopen or motion for reconsideration. Patel v. U.S. Att'y Gen., 334 F.3d 1259, 1261-62 (11th Cir. 2003).

Here, the IJ's final removal order, affirmed by the BIA, denied Rangel-Perez's request for cancellation of removal because he did not establish the hardship requirement. Whether an applicant demonstrates the "exceptional and extremely unusual hardship" needed for cancellation of removal is a discretionary determination not subject to review. See Alhuay, 661 F.3d at 549-50. Under our binding precedent, we therefore also lack jurisdiction to review the denial of any motions to reopen or reconsider that determination. See Patel, 334 F.3d at 1262. Thus, to the extent Rangel-Perez argues that the BIA abused its discretion in denying (1) his motion to reconsider the denial of his first motion to reopen; or (2) his second motion to reopen, we dismiss his petition for lack of jurisdiction.[2]

## II.  LEGAL CLAIMS

Although we retain jurisdiction to review constitutional or legal claims, Rangel-Perez raises two legal errors that are wholly without merit. We explain why.

---

[2]We lack jurisdiction to review the BIA's refusal to sua sponte reopen removal proceedings. Lenis v. U.S. Att'y Gen., 525 F.3d 1291, 1292-93 (11th Cir. 2008). Thus, we cannot review Rangel-Perez's alternative argument that the BIA abused its discretion in not reopening his case sua sponte.

Rangel-Perez's motion for reconsideration and second motion to reopen were both based on new evidence of his wife's recent diagnosis of fibromyalgia. The BIA denied the motion for reconsideration because Rangel-Perez's motion did not identify any error of fact or law in the BIA's prior decision denying his first motion to reopen. The BIA denied Rangel-Perez's second motion to reopen as both time-barred and number-barred. See INA § 240(c)(7)(A) &(C), 8 U.S.C. § 1229a(c)(7)(A) &(C) (limiting motions to reopen to one motion filed within ninety days of the final order of removal).

## A.    Second Motion to Reopen

Rangel-Perez does not dispute that his motion to reopen was his second and that it was not filed within ninety days of his removal order. Instead, Rangel Perez argues, without citing any authority, that the BIA nonetheless was required as a matter of law to remand his case to the IJ to consider whether, in light of his new evidence, he now met the hardship requirement. However, the only motions to reopen not subject to the time and/or number limitations are motions to reopen asylum applications based on changed country conditions and motions to reopen based on allegations of a battered spouse, child, or parent. See id. § 240(c)(7)(A), (C)(ii) & (iv), 8 U.S.C. § 1229a(c)(7)(A), (C)(ii) & (iv). Rangel-Perez's second motion to reopen did not fall within either of these exceptions, and thus was both time- and number-barred.

Rangel-Perez also argues that as a matter of law the BIA was required to remand his case to the IJ because of an intervening change in the BIA's precedent. Rangel-Perez contends Matter of Morales, decided after his final removal order, required the IJ to consider the hardship to his stepson in addition to his wife. See 25 I. & N. Dec. 186, 187 (BIA 2010) (concluding that a stepparent qualifies as a "parent" for purposes of establishing the hardship requirement for cancellation of removal).[3]

Given that the purpose of a motion to reopen is to present new facts, it is doubtful a motion to reopen is the proper vehicle to argue a change in the law. See 8 C.F.R. § 1003.2(c) (requiring motion to reopen to "state the new facts that will be proven at a hearing to be held if the motion is granted" and to be "supported by affidavits or other evidentiary material"); In re O-S-G, 24 I. & N. Dec. 56, 57 (BIA 2006) (explaining that while a motion to reconsider "contests the correctness of the [BIA's] original decision based on the previous factual record," a motion to reopen "seeks a new hearing based on new or previously unavailable evidence"). In any event, Rangel-Perez fails to cite any authority supporting his claim that a second motion to reopen based on a change in the law is exempt from the INA's time and number limitations. Indeed, the provision of the INA that governs motions to

---

[3]The government contends that Rangel-Perez failed to exhaust this issue before the BIA. Rangel-Perez's motions filed with the BIA, however, argued that stepchildren could be considered in hardship determinations and cited Matter of Morales.

5

reopen does not include such an exception.  See INA § 240A(c)(7), 8 U.S.C.

§ 1229b(c)(7).

## B.    Motion for Reconsideration

Unlike a motion to reopen, a motion to reconsider filed pursuant to 8 C.F.R.

§ 1003.2(b) may be based on a change in the law.  See In re O-S-G, 24 I. & N.

Dec. at 57 ("A motion to reconsider is a request that the Board reexamine its

decision in light of . . . a change of law . . . ." (internal quotation marks omitted)).

A motion to reconsider, however, must also show a factual or legal error in the

BIA's prior decision—in this case, the BIA's decision affirming the IJ's denial of

Rangel-Perez's first motion to reopen.  See 8 C.F.R. § 1003.2(b)(1); In re O-S-G,

24 I. & N. Dec. at 56-57.

Here, however, there was no legal error in the BIA's prior decision in light

of Matter of Morales.  Contrary to Rangel-Perez's contention, the IJ in fact

considered the hardship to Rangel-Perez's stepson when he denied Rangel-Perez's

application for cancellation of removal.  Specifically, the IJ considered both

Rangel-Perez's "wife, and/or stepson" to be "qualifying relatives," discussed the

hardships they would suffer and concluded that Rangel-Perez did not show the

requisite level of hardship.  In affirming the IJ's denial of cancellation of removal,

the BIA agreed that the hardships "his wife and stepchild will suffer" did not rise

to the level needed for cancellation of removal.  As such, the IJ's denial of

6

cancellation of removal was consistent with <u>Matter of Morales</u>, and, in light of the lack of legal error, the BIA had no reason to reconsider its prior decision to denying Rangel-Perez's first motion to reopen.

**PETITION DISMISSED IN PART, DENIED IN PART.**