

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ALEJANDRO CAMARILLO-ORTEGA, AKA Alex Sanchez, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 10-71560 <br><br> Agency No. A099-724-906 <br><br> ORDER |

Before: KLEINFELD, WARDLAW, and PAEZ, Circuit Judges.

The government's Motion to Amend Decision is GRANTED. An amended memorandum disposition has been filed concurrently with this order.

**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEJANDRO CAMARILLO-ORTEGA, AKA Alex Sanchez, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 10-71560 <br><br> Agency No. A099-724-906 <br><br> AMENDED MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2015[**]
San Francisco, California

Before: KLEINFELD, WARDLAW, and PAEZ, Circuit Judges.

Alejandro Camarillo-Ortega ("Ortega") petitions for review of the Board of

Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ's")

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denial of his application for cancellation of removal and his request for voluntary departure. We grant the petition.

**1.** Ortega applied for cancellation of removal, naming his stepfather, Gregorio Martinez-Sanchez ("Sanchez") as his "qualifying relative." INA § 250A(b). To establish eligibility for such relief, Ortega had to demonstrate that a "family relationship [] continued to exist" between himself and Sanchez, as Sanchez was no longer married to Oretga's mother. *See In re Mowre*r, 17 I. & N. Dec. 613, 615 (B.I.A. 1981). To make this showing, Ortega testified that he had lived with Sanchez, rather than his mother, ever since their divorce. Sanchez, who testified at the hearing, corroborated Ortega's account. Ortega's application for cancellation of removal, however, listed his mother's address as his place of residence.

**2.** The IJ rejected Ortega's explanation for the discrepancies in the addresses between his testimony and written application. The IJ noted Sanchez's corroborating testimony, but gave it less weight than that of an "objective" or "disinterested party" and ultimately determined it did not overcome the inconsistencies between Ortega's testimony and his application. Based on these inconsistencies, the IJ found Ortega not credible, and proceeded to find that Sanchez not was a "qualifying relative." The IJ denied Ortega's application for cancellation of removal and his request for voluntary departure.

2

**3.**     The BIA affirmed the IJ's adverse credibility finding and denial of relief. The BIA agreed that the discrepancies between Ortega's testimony and the record were problematic, and that Sanchez's testimony could not overcome those discrepancies.  The BIA, however, did not adopt the IJ's determination that Sanchez was not a credible witness because he was an interested party.  Instead, the BIA found that he was an unreliable witness because he was "unable to recall basic information, including the respondent's name, the respondent's mother's name, and the year he married the respondent's mother."[1]

**4.**     The BIA's conclusions regarding Sanchez's testimony constituted impermissible fact finding because the IJ made no factual findings about Sanchez's ability to recall information.  *See Rodriguez v. Holder*, 683 F.3d 1164, 1170 (9th Cir. 2012).  In affirming the IJ's adverse credibility finding as to Ortega, the BIA relied in part on its own factual findings about Sanchez.  This was reversible error. *See id.*

**5.**     In addition to engaging in impermissible fact finding, the BIA erred in failing to review properly the IJ's adverse credibility determination.  We have held that "inconsistencies must be viewed in light of all the evidence presented in the

---

[1] Sanchez suffered a stroke in 1998, which affected his ability to testify during the hearing.

case." *Kaur v. Gonzales*, 418 F.3d 1061, 1066 (9th Cir. 2005). The agency failed to abide by that rule in this case. Neither the BIA nor the IJ addressed the numerous pieces of evidence that bolstered Ortega's testimony that he lived with Sanchez. For example, the IJ did not discuss Ortega's lack of relationship with his current stepfather, which tends to support Ortega's assertion that he lives with Sanchez. Nor did the IJ's decision take into account the corroborating testimony of Sanchez's doctor and nurse practitioner. Notably, the nurse practitioner testified that he "believe[d Sanchez] lives with Alejandro." Finally, the IJ did not take into account Sanchez's poor health as itself supporting Ortega's claim of a continuing relationship. Because the IJ's failure to consider the record as a whole was clearly erroneous as a matter of law, the BIA must reconsider its decision.

For the above reasons, Ortega's petition for review is granted. The case is remanded to the BIA for further proceedings consistent with this decision.

**GRANTED and REMANDED.**