**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VALENTIN ISIDRO-ZAMORANO,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | No. 07-73832<br><br>Agency No. A098-571-409<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 12, 2010[**]
Pasadena, California

Before: CANBY, HALL, and O'SCANNLAIN, Circuit Judges.

Valentin Isidro-Zamorano appeals the BIA's denial of his application for

cancellation of removal. The facts are well-known to the parties. We need not

repeat them here.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

An alien is eligible for cancellation of removal if he establishes, among other things, "that removal would result in exceptional and extremely unusual hardship *to the alien's spouse, parent, or child*, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D) (emphasis added). A "child" is "an unmarried person under twenty-one years of age." 8 U.S.C. § 1101(b)(1). At the time Isidro-Zamorano applied for cancellation of removal his son, Tomas, was twenty years old, and could serve as Isidro-Zamorano's qualifying relative for his application. During the course of immigration proceedings, Tomas "aged out," turning twenty-one years old. The Immigration Judge ("IJ") subsequently ruled Isidro-Zamorano ineligible for cancellation of removal because he no longer had a qualifying relative. The Board of Immigration Appeals ("BIA"), in a one-judge decision, affirmed.

The BIA and IJ relied on a decision by a prior three-judge panel of the BIA, *Matter of Gomez*, 23 I. & N. Dec. 893 (BIA 2006), a case in which an alien's parents became lawful permanent residents during the course of her immigration proceedings. *Id.* The BIA held that the alien's parents became qualifying relatives for purposes of her application for cancellation of removal. *Id.* at 894. Thus, it further held, she *became eligible* for cancellation of removal, even though she was ineligible at the outset of her proceedings. *Id.* Here, however, the BIA and IJ held

2

that Isidro-Zamorano became *ineligible* due to the natural aging of his child, even though he was eligible for cancellation of removal at the outset of his proceedings. *Gomez* thus does not control this case.

Since *Gomez* is not determinative, we need not defer to the agency in this case. Nor does the one-judge opinion in this case merit *Chevron* deference. *Chen v. Mukasey*, 524 F.3d 1028, 1031 (9th Cir. 2008); *see Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984). Therefore, the BIA "has not yet exercised its *Chevron* discretion to interpret the statute." *Negusie v. Holder*, 129 S. Ct. 1159, 1167 (2009). In such a situation, the Supreme Court has held that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Id*. (internal quotation marks and citations omitted).

Consequently, we **GRANT** the petition for review, **VACATE** the order of the BIA, and **REMAND** the case to the BIA for a three-judge panel to determine whether *Gomez* should be extended to circumstances like those in this case.