# Matter of Valentin ISIDRO-Zamorano, Respondent

*Decided June 15, 2012*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An applicant for cancellation of removal whose son or daughter met the definition of a "child" when the application was filed but turned 21 before the Immigration Judge adjudicated the application on the merits no longer has a qualifying relative under section 240A(b)(1)(D) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b)(1)(D) (2006). *Matter of Bautista Gomez*, 23 I&N Dec. 893 (BIA 2006), clarified.

FOR RESPONDENT: Carol Carvajal, Esquire, San Diego, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Kerri Calcador, Senior Attorney

BEFORE: Board Panel: GRANT and MULLANE, Board Members; LIEBOWITZ, Temporary Board Member.

LIEBOWITZ, Temporary Board Member:

This case was last before us on August 30, 2007, when we dismissed the respondent's appeal from the Immigration Judge's July 12, 2006, decision denying the respondent's application for cancellation of removal under section 240A(b)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b)(1) (2006), on the basis that he did not have a qualifying relative because his son, who was over 21 years of age, was not a "child." On February 18, 2010, the United States Court of Appeals for the Ninth Circuit granted the respondent's petition for review and remanded the case for us to determine whether *Matter of Bautista Gomez*, 23 I&N Dec. 893 (BIA 2006), "should be extended to circumstances like those in this case." *Isidro-Zamorano v. Holder*, 365 F. App'x 846, 847 (9th Cir. 2010). Upon consideration of this issue, we again conclude that the respondent is ineligible for cancellation of removal and will dismiss his appeal.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico who entered the United States without inspection on May 1, 1994. His son, who is a

United States citizen, was born on January 29, 1985. At the time the respondent filed his application for cancellation of removal in 2005, his son was under the age of 21. However, the respondent's son turned 21 in January 2006, before the application was adjudicated. The Immigration Judge found that the son could no longer be a qualifying relative for purposes of establishing the respondent's eligibility for cancellation of removal and denied the application.

## II. ANALYSIS

To be eligible for cancellation of removal, an applicant must establish, among other things, "that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or *child*, who is a citizen of the United States or an alien lawfully admitted for permanent residence." Section 240A(b)(1)(D) of the Act (emphasis added). A "child" is "an unmarried person under twenty-one years of age." Section 101(b)(1) of the Act, 8 U.S.C. § 1101(b)(1) (2006); *Partap v. Holder*, 603 F.3d 1173, 1174 (9th Cir. 2010); *Montero-Martinez v. Ashcroft*, 277 F.3d 1137, 1145 (9th Cir. 2002) (applying the definition of the term "child" under section 101(b)(1) of the Act to the hardship requirement in section 240A(b)(1)(D)).

The issue in *Matter of Bautista Gomez*, 23 I&N Dec. 893, was whether an applicant for cancellation of removal under section 240A(b) must establish eligibility for relief at the time of the service of the notice to appear. The respondent was found ineligible for cancellation of removal because she did not have a qualifying relative. She subsequently filed a motion to reopen claiming that she had acquired qualifying relatives because her parents had been granted cancellation of removal in the same proceedings. The Immigration Judge denied the motion because the respondent did not have the qualifying relatives at the time she was served with the notice to appear, citing the regulation that is currently at 8 C.F.R. § 1003.23(b)(3) (2012). The regulation provides that a motion to reopen for consideration or further consideration of an application for cancellation of removal "[p]ursuant to section 240A(d)(1) . . . may be granted only if the alien demonstrates that he or she was statutorily eligible for such relief prior to the service of a notice to appear."

Because the regulation made reference to section 240A(d)(1) of the Act, we found that its restriction only applied to an applicant's continuous physical presence requirement. We therefore concluded that if the respondent had the requisite continuous physical presence at the time she was served with the notice to appear, she could establish eligibility for cancellation of removal based on the acquisition of qualifying relatives. We explained that the issues of good moral character and qualifying relatives are properly considered at the

time an application for cancellation of removal is decided. *Matter of Bautista Gomez*, 23 I&N Dec. at 894-95. Otherwise, factors arising subsequent to the filing of an application that may be favorable to the respondent's claim, such as the birth of a United States citizen child, marriage to a lawful permanent resident or citizen, or a serious accident or illness involving a qualifying relative, could not be considered in determining the existence of exceptional and extremely unusual hardship.

In this case the respondent's son qualified as a "child" when the cancellation application was filed, but he was over 21 years of age at the time the Immigration Judge adjudicated the application on the merits. It is well established that an application for relief from removal is a "continuing" application. *See Matter of Garcia*, 24 I&N Dec. 179, 181 (BIA 2007) (noting that an applicant for suspension of deportation could accrue continuous physical presence until a final administrative decision was issued) (citing *Matter of Castro*, 19 I&N Dec. 692 (BIA 1988)); *Matter of Ortega-Cabrera*, 23 I&N Dec. 793 (BIA 2005) (holding that because an application for cancellation of removal is a continuing one for purposes of good moral character, the period during which good moral character must be established ends with the entry of a final administrative order). Consistent with this principle, we conclude that the respondent did not have a qualifying relative when the Immigration Judge adjudicated the application and therefore could not establish eligibility for relief. *See Matter of Morales*, 25 I&N Dec. 186, 187 (BIA 2010) (considering the status of a qualifying relative at the time of the proceedings); *Matter of Portillo-Gutierrez*, 25 I&N Dec. 148, 149 (BIA 2009) (same); *cf. Partap v. Holder*, 603 F.3d at 1174 (finding that a child who was not born when the Immigration Judge considered a cancellation application was not a "child" within the meaning of the statute).[1]

We find no basis in law to conclude that an applicant in the respondent's circumstances, who loses his qualifying relationship before his application is even adjudicated on its merits by the Immigration Judge, nonetheless retains his eligibility for cancellation of removal. In the respondent's case, this undoubtedly results in a difficult situation because he has lost his eligibility for relief. However, our ruling is consistent with the principle articulated in *Matter of Bautista Gomez* and related cases.[2]

---

[1] We note that once the child was born, the respondent sought to reopen the proceedings. The motion was denied, however, because the respondent did not allege any facts supporting a claim of exceptional and extremely unusual hardship to the child. *See Partap v. Holder*, 603 F.3d at 1175.

[2] Although this respondent would benefit from an interpretation of section 240A(b)(1) that fixed or locked in eligibility at the time the application was filed, the respondent

(continued...)

We note that contrary to the respondent's arguments on appeal, there has been no undue or unfair delay in the course of these proceedings. The respondent illegally entered in 1994 without inspection or parole, and his notice to appear was served in May 2005, approximately 1 year after the respondent acquired the necessary 10 years of continuous physical presence.[3] The Immigration Judge issued his decision approximately 1 year later, in July 2006. The respondent has not alleged any improper delay on the part of the Immigration Judge, and a period of just over a year from service of the notice to appear to a determination on the merits is not an unreasonable or even unusual amount of time for the conclusion of removal proceedings.

To the extent that the respondent challenges the fairness of these proceedings, we conclude that he was provided a full and fair opportunity to present his claim for relief. *See Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620-21 (9th Cir. 2006). To the extent that he raises constitutional challenges to any statutes or regulations, we have no authority to rule on such issues. *See Matter of Yanez*, 23 I&N Dec. 390, 401 (BIA 2002); *Matter of Finnair Flight AY103*, 23 I&N Dec. 140, 147 (BIA 2001); *Matter of C-*, 20 I&N Dec. 529, 532 (BIA 1992).

We are also not convinced that when Congress enacted the Child Status Protection Act, Pub. L. No. 107-208, 116 Stat. 927 (2002) ("CSPA"), its intent was to allow an alien whose qualifying relative had turned 21 to retain eligibility for cancellation of removal. As noted above, the term "child" refers to an unmarried person under 21 years of age. *See* section 101(b)(1) of the Act. The CSPA preserves the "child status" for individuals who qualified as a "child" at the time a visa petition or application for permanent resident or derivative asylum status was filed on their behalf, but who turned 21 before a final adjudication was made. *See Padash v. INS*, 358 F.3d 1161, 1167 (9th Cir. 2004); *Matter of O. Vasquez*, 25 I&N Dec. 817 (BIA 2012); *Matter of A-Y-M-*, 25 I&N Dec. 791 (BIA 2012); *Matter of Avila-Perez*, 24 I&N Dec. 78 (BIA 2007). However, the provisions of the CSPA are not applicable to the respondent's application for cancellation of removal under section 240A(b) of the Act.

---

(...continued)

in *Matter of Bautista Gomez*, who benefitted from our construction of section 240A(b)(1) as a continuing application, would not have prevailed if that were the rule. We must, of course, interpret the provision consistently. *See Clark v. Martinez*, 543 U.S. 371 (2005).

[3] The record indicates that the respondent's unlawful presence was discovered during a review of employment eligibility verification forms at his workplace.

The CSPA explicitly refers to certain forms of relief and to particular sections of the Act. *See, e.g.*, sections 201(b)(2)(A)(i), 203(a)(2)(A), (d), 207(c)(2), 208(b)(3) of the Act, 8 U.S.C. §§ 1151(b)(2)(A)(i), 1153(a)(2)(A), (d), 1157(c)(2), 1158(b)(3) (2006). It does not, however, make any reference to cancellation of removal. "Where Congress includes particular language in one section of a statute but omits it in another section of the same statute, it is generally presumed that Congress acts intentionally in the inclusion or exclusion." *Matter of Avila-Perez*, 24 I&N Dec. at 82 (citing *INS v. Cardoza-Fonseca*, 480 U.S. 421, 432 (1987)). We therefore conclude that the plain language of the CSPA indicates that Congress intended for it to apply only to those sections of the Act that are specifically mentioned.[4] *See also Midi v. Holder*, 566 F.3d 132 (4th Cir. 2009). We further find no other statutory or regulatory language that supports the result advocated by the respondent in this case. Accordingly, the respondent's appeal will be dismissed.

The Immigration Judge granted the respondent voluntary departure, and we reinstated that form of relief. Because it is not clear whether the respondent still seeks voluntary departure, we will remand the record for the Immigration Judge to consider this issue.

**ORDER:** The appeal is dismissed.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

---

[4] We also note that the CSPA was intended to protect children from losing eligibility for immigration benefits by "aging out" on account of administrative delays. *See Matter of Avila-Perez*, 24 I&N Dec. at 83-84. However, the respondent has been an adult throughout these proceedings, and the age of his son is only relevant to his own ability to establish eligibility for relief.