# Matter of A-Y-M-, Respondent

*Decided May 8, 2012*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Following the enactment of the Child Status Protection Act, Pub. L. No. 107-208, 116 Stat. 927 (2002), an unmarried alien seeking derivative asylum status based on the approval of his or her parent's application for asylum who turned 21 while the application was pending continues to be classified as a "child" for purposes of qualifying for derivative status under section 208(b)(3)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1158(b)(3)(B) (2006).

FOR RESPONDENT: Juan A. Laguna, Esquire, Santa Ana, California

BEFORE: Board Panel: GUENDELSBERGER and ADKINS-BLANCH, Board Members; KENDALL CLARK, Temporary Board Member.

KENDALL CLARK, Temporary Board Member:

In a decision dated July 9, 2010, an Immigration Judge found the respondent inadmissible, denied her applications for relief based on her claim of persecution, and ordered her removed from the United States. The respondent has appealed from the Immigration Judge's decision to deny her application for asylum. The appeal will be sustained and the record will be remanded to the Immigration Judge.

The respondent is a 23-year-old unmarried native and citizen of El Salvador. On March 25, 2005, when she was 16 years old, the respondent sought admission to the United States with her mother. They were denied admission and were subsequently placed in removal proceedings. At their hearing, the respondent and her mother conceded removability, and they each submitted an Application for Asylum and for Withholding of Removal (Form I-589). Their applications were accepted into evidence by the Immigration Judge on February 1, 2006. The Immigration Judge granted the respondent's mother's application but denied the respondent's. The only issue on appeal concerns the respondent's eligibility for asylum.

Section 208(b)(3)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1158(b)(3)(A) (2006), provides the following:

> A spouse or child (as defined in section 101(b)(1) (A), (B), (C), (D), or (E)) of an alien who is granted asylum under this subsection may, if not otherwise eligible for asylum under this section, be granted the same status as the alien if accompanying, or following to join, such alien.

The record reflects that the respondent's mother listed the respondent on her asylum application and specifically noted that the respondent was to be included in her application. Thus, even though the Immigration Judge found that the respondent had not independently established eligibility for asylum, she may qualify for derivative status under section 208(b)(3)(A) of the Act based on the approval of her mother's asylum application.

The respondent, who was unmarried and 17 years of age when her mother submitted an asylum application, qualified as a "child" within the meaning of section 101(b)(1) of the Act, 8 U.S.C. § 1101(b)(1) (2006), which defines a child as "an unmarried person under twenty-one years of age." However, at the time of the Immigration Judge's decision, the respondent was 22 years old. Nevertheless, we find that she continues to be classified as a "child" and qualifies as a derivative beneficiary under her mother's application because she did not "age out."

In order to prevent the children of asylum applicants from losing derivative eligibility as a result of "aging out," Congress enacted the Child Status Protection Act, Pub. L. No. 107-208, 116 Stat. 927 (2002) ("CSPA"), "which, among other things, broadened eligibility for derivative asylum status." *Akhtar v. Gonzales*, 406 F.3d 399, 407 (6th Cir. 2005). The CSPA enacted section 208(b)(3)(B) of the Act, which currently provides as follows:

> An unmarried alien who seeks to accompany, or follow to join, a parent granted asylum under this subsection, and who was under 21 years of age on the date on which such parent applied for asylum under this section, shall continue to be classified as a child for purposes of this paragraph and section 209(b)(3), if the alien attained 21 years of age after such application was filed but while it was pending.

Thus, pursuant to section 208(b)(3)(B) of the Act, "[a]n *unmarried* alien seeking derivative asylum status who turns twenty-one years old while his or her parent's application for asylum is pending continues to be classified as a 'child' for purposes of [section 208(b)(3)]." *Akhtar v. Gonzales*, 406 F.3d at 407; *see also Dandan v. Ashcroft*, 339 F.3d 567, 570 n.1 (7th Cir. 2003). This provision applies to the respondent because her mother's asylum application was filed after the enactment of the CSPA. *See generally Matter of Avila-Perez*, 24 I&N Dec. 78 (BIA 2007). Consequently, the respondent,

an unmarried alien who turned 21 years old while her mother's asylum application was pending, continues to be classified as a "child" for purposes of establishing eligibility for derivative status under section 208(b)(3)(B) of the Act.

On the record before us, we find that the respondent warrants a grant of derivative asylum under section 208(b)(3)(A) of the Act based on the approval of her mother's asylum application by the Immigration Judge. Accordingly, the respondent's appeal will be sustained and the record will be remanded to the Immigration Judge for the completion of background and identity checks. *See Matter of Avila-Perez*, 24 I&N Dec. at 85 (sustaining an appeal where the respondent "appear[ed] to be statutorily eligible" for relief from removal under the CSPA); *see also* 8 C.F.R. § 1003.1(d)(6)(ii)(A) (2012).

**ORDER:**  The appeal is sustained.

**FURTHER ORDER:**  Pursuant to 8 C.F.R. § 1003.1(d)(6), the record is remanded to the Immigration Judge for the purpose of allowing the Department of Homeland Security to complete or update the appropriate identity, law enforcement, or security investigations or examinations; for further proceedings, if necessary; and for the entry of an order as provided by 8 C.F.R. § 1003.47(h) (2012).