13-3833-ag
Walcott v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 3rd day of February, two thousand fifteen.

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
                      *Circuit Judges*.
             J. GARVAN MURTHA,[1]
                      *District Judge*.

_____

DEVON KENNETH WALCOTT, AKA DEVON
WALCOTT, AKA DEVON K. WALCOTT,

       *Petitioner*,


       v.                           13-3833-ag


ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

       *Respondent*.

_____

Appearing for Appellant:     Elyssa N. Williams, Formica Williams, P.C., New Haven, CT.

Appearing for Appellee:     Aric A. Anderson (Joyce R. Branda, Acting Assistant Attorney

_____

[1] The Honorable J. Garvan Murtha, United States District Court for the District of Vermont, sitting by designation.

General, Emily A. Radford, Assistant Director, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Devon Kenneth Walcott, a native and citizen of Jamaica, seeks review of a September 16, 2013 decision of the BIA affirming an April 24, 2013 decision of an Immigration Judge finding no evidence that Walcott had derived United States citizenship upon his mother's naturalization. *In re Devon Kenneth Walcott*, No. A041 645 355 (B.I.A. Sept. 16, 2013), *aff'g* No. A041 645 355 (Immig. Ct. Hartford Apr. 24, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We lack jurisdiction to review any "final order of removal against an alien who," like Walcott, "is removable by reason of having committed" a controlled substance offense or an aggravated felony unless a petition raises "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(C), (D). Because Walcott contends that he derived citizenship through his mother, we retain jurisdiction over this legal question. *See Poole v. Mukasey*, 522 F.3d 259, 262 (2d Cir. 2008).

In deciding a claim of United States citizenship, we may consider evidence outside of the administrative record to determine whether there is a genuine issue of material fact based on the "pleadings and affidavits." 8 U.S.C. § 1252(b)(5)(A). Where a genuine issue of material fact arises, we must transfer proceedings to the district court for a new hearing on the nationality claim; however, where there is no genuine issue of material fact, we must decide the citizenship claim. *Id.* at § 1252(b)(5)(B). We consider such a claim using the same standard that applies to deciding a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See Agosto v. INS*, 436 U.S. 748, 754 (1978).

Walcott claims United States citizenship derivatively through his mother, who became a naturalized United States citizen in 1994. To determine whether Walcott obtained citizenship through his mother's naturalization, we apply the law in effect when the petitioner "fulfilled the last requirement for derivative citizenship." *Ashton v. Gonzales*, 431 F.3d 95, 97 (2d Cir. 2005). Former Section 321 of the Immigration and Naturalization Act ("INA") provides, in relevant part, that a minor "born out of wedlock and [whose] paternity . . . has not been established by legitimation" derives citizenship when his custodial parent naturalizes if "[s]uch naturalization takes place while such child is . . . under the age of eighteen years." 8 U.S.C. § 1432(a) (1994).[2] On appeal Walcott submitted an affidavit which incorporates his mother's approved

---

[2] Subsequent amendment simplified the requirements for a child to derive citizenship through the naturalization of a parent but did not alter the requirement that a parent naturalize prior to a child's eighteenth birthday. *Compare* 8 U.S.C. § 1432(a) (1994) *with* 8 U.S.C. § 1431(a) (effective 2001).

naturalization application and certificate of naturalization to establish the dates relevant to his claim. Construing the facts in the light most favorable to the petitioner, the earliest date on which Walcott's mother could be found to have applied for naturalization is July 13, 1994; the United States Citizenship and Immigration Services ("USCIS") interviewed her and she signed an "Oath of Renunciation and Allegiance" attached to the application on September 19, 1994; and her application was approved on September 27, 1994. Special App'x at 27-32. Walcott's mother took a public oath of allegiance and received her naturalization certificate on October 21, 1994, 15 days after Walcott's eighteenth birthday on October 6, 1994. Since Walcott's mother did not naturalize before he was 18 years old, Walcott fails to satisfy the conditions in Section 1432(a) that would entitle him to derivative citizenship.

Walcott contends that because his mother's application was approved and she signed the oath before his eighteenth birthday, he thereby derived United States citizenship, and, in the alternative, that because the statute governing naturalization is ambiguous as to when naturalization occurs, we should construe it in favor of preserving the right of citizenship.

However, the law unambiguously states that an individual "shall, in order to be and before being admitted to citizenship, take in a public ceremony . . . an oath [of allegiance]." 8 U.S.C. § 1448(a) (1994); 8 C.F.R. § 337.9(a) (an "applicant for naturalization shall be deemed a citizen of the United States as of the date on which the applicant takes the prescribed oath of allegiance in an administrative ceremony or in a ceremony conducted by an appropriate court"). We have held that "[t]he grant of an application for naturalization is not determinative of citizenship. An alien who has not taken the oath in a public ceremony remains a non-citizen." *Ajlani v. Chertoff*, 545 F.3d 229, 234 (2d Cir. 2008) (emphasis omitted).

Next, Walcott argues that even if his mother did not naturalize before his eighteenth birthday, he is entitled to derivative citizenship nunc pro tunc "because he met all the requirements for derivative citizenship but for the delay on the part of USCIS in scheduling his mother's naturalization ceremony." Brief for Petitioner at 18. However, it is well established that we cannot naturalize citizens through our equitable powers. *Hizam v. Kerry*, 747 F.3d 102, 111 (2d Cir. 2014) (citing *INS v. Pangilinan*, 486 U.S. 875, 885 (1988)). In any event, there is no evidence of any untoward delay in processing the application here that would justify the exercise of such powers. USCIS approved the naturalization application of Walcott's mother within three months of its filing and set her naturalization ceremony less than a month after approval. Walcott neither alleges nor provides any evidence that his mother sought to expedite her application or to participate in a naturalization ceremony prior to his eighteenth birthday.

Walcott further asserts that the Child Status Protection Act ("CSPA") supports his claim to United States citizenship. The CSPA "halts the flow of time" for an individual who was eligible for certain relief when an application was filed but "ag[ed] out" while the application was pending. *Scialabba v. Cuellar de Osorio*, 134 S. Ct. 2191, 2299–00 (2014). However, the CSPA "explicitly refers to certain forms of relief and to particular sections" of the INA, *Matter of Isidro-Zamorano*, 25 I. & N. Dec. 829, 833 (B.I.A. 2012); it does not make reference to the derivative citizenship provisions. Even assuming that the reasoning of the CSPA applied to derivative citizenship, Walcott would still not be entitled to relief as his mother's application was approved prior to his eighteenth birthday.

3

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the previously granted stay of removal is VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4