WATFORD, Circuit Judge,
concurring:
I join the court’s opinion because it correctly resolves the two cases before us. I write separately to emphasize that, for me at least, the dispositive factor in denying *670 relief on the petitioners’ procedural due process claim is their lack of diligence in pressing for expedited review.
The petitiohers’ due process claim arises from delays in the processing of their applications for cancellation of removal based on hardship to their U.S. citizen children. See 8 U.S.C. § 1229b(b)(l)(D). Delay can be fatal to these applications because, under the rule adopted by the Board of Immigration Appeals (BIA), an applicant loses eligibility for this relief if his child turns 21 before the agency has made a decision on the application. See Matter of Isidro-Zamorano, 25 I. & N. Dec. 829, 831 (BIA 2012). The consequences for those who lose their eligibility are severe: An applicant granted cancellation of removal attains the status of a lawful permanent resident, a status he keeps even after his U.S. citizen child turns 21, whereas an applicant denied such relief is subject to removal from the United States and often barred from returning for ten years; See 8 U.S.C. §§ 1182(a)(9)(B)(i)(II), 1229b(b)(l).
As the court acknowledges, an arbitrary and unjustified delay in processing an application for cancellation of removal can serve as the basis for a successful due process claim, provided the applicant has been diligent throughout in urging the agency to reach a decision before his child turns 21. The petitioners before us cannot establish a violation of their due process rights because they were not diligent in pressing for expedited review of their applications. Had they been diligent in doing so, however, they might well have been entitled to prevail.
Take Mario Rivera-Baltazar’s case. The immigration judge who initially ruled on his application denied it on an erroneous legal ground, and our court subsequently remanded the case to the BIA for further proceedings. At that point, Rivera-Balta-zar’s U.S. citizen son was 17 years old, so there was plenty óf time left for his application to be considered. Because the immigration judge did not reach the merits of Rivera-Baltazar’s application during the initial round of proceedings, his case necessarily had to be remanded back to the immigration judge. Yet the BIA sat on his case for three years and did nothing. Unlike my colleagues, I do not think we can characterize that as a routine processing delay (particularly for such a ministerial task), and as far as the record discloses there was absolutely no justification for it.
The problem for Rivera-Baltazar is that he did nothing during that entire three-year period of delay to try to expedite review of his application. As the court notes, it was the government’s action after nearly three years of unexplained delay that finally prompted the BIA to do what it should have done right away: remand the case back to the immigration judge. Had Rivera-Baltazar been diligent in urging the BIA to remand his case forthwith, and had he lost his eligibility for cancellation of removal due to the unjustified delay, what more could be required to assert a meritorious due process claim?
The protections of the Due Process Clause are vital in cases like these because there is enormous potential for arbitrariness and hence unfairness under the rule adopted by the BIA. Under that rule, an applicant’s eligibility for relief can be foreclosed by administrative delays that are wholly outside the applicant’s control and that have nothing to do with the merits of the application. The potential for arbitrariness is heightened in the cancellation of removal context because a person eligible for such relief may not affirmatively apply for it—she may request it only after the government decides to initiate removal proceedings by serving her with a notice to appear. So from the outset the applicant cannot control how old her U.S. citizen *671 child may be at the time’ her application is filed, and she of course has no ability to stop the clock from ticking as her child approaches the age of 21. When an applicant does everything in her power to ensure that the agency can adjudicate her application for cancellation of removal while her U.S. citizen child is still under 21, the agency cannot simply allow the application to languish for years without justification .such that the child ages out before a decision can be rendered.
Due process guarantees “a full and fair hearing” in immigration proceedings. Colmenar v. INS, 210 F.3d 967, 971 (9th Cir. 2000). A hearing for relief surely cannot be considered full and fair if the adjudicator arbitrarily and unjustifiably withholds a decision until a time when the relief is no longer available. See Singh v. Reno, 182 F.3d 504, 510 (7th Cir. 1999).