**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GREGORIO PORTILLA JUAREZ,

Petitioner,

v.

JEFFERSON B. SESSIONS, III, Attorney General,

Respondent.

No.    15-71903

Agency No. A205-527-967

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2017**

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Gregorio Portilla Juarez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for cancellation of

removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review de novo

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

questions of law and claims of due process violations. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not err by denying Portilla Juarez's application for cancellation of removal, where he lacked any qualifying relatives at the time of his final removal hearing. *See* 8 U.S.C. §§ 1229b(b)(1)(D) (an applicant for cancellation of removal must establish the requisite hardship to a "spouse, parent or child"), 1101(b)(1) ("The term 'child' means an unmarried person under twenty-one years of age . . . ."). Portilla Juarez's contentions that the agency erred in relying on *Matter of Isidro-Zamorano*, 25 I. & N. Dec. 829, 829 (BIA 2012), in determining his daughter was not a qualifying relative and should have applied the dictionary definition of child are foreclosed by our decision in *Mendez-Garcia v. Lynch*, 840 F.3d 655, 663-65 (9th Cir. 2016) (deferring to the BIA's conclusion in *Matter of Isidro-Zamorano* that an applicant for cancellation of removal must show hardship to qualifying relative at the time the IJ adjudicates the application, and rejecting petitioner's argument that agency should have used dictionary definition); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000). We are not persuaded by Portilla Juarez's contention that *Matter of Isidro-Zamorano* is distinguishable.

Portilla Juarez's contentions that his due process rights were violated because he had an alleged settled expectation that he could receive cancellation of

removal, or because the agency did not adjudicate his application for relief before his daughter turned twenty-one are also foreclosed by *Mendez-Garcia*, 840 F.3d at 665-69.

**PETITION FOR REVIEW DENIED.**