**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ISIDRO BRICENO-MARTINEZ, aka Isidro Briceno, aka Isidro Briseno, aka Santiago Briseno Martinez, aka Isidro Martinez, aka Santiago Martinez,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 17-71379<br><br>Agency No. A200-292-450<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2020**
Phoenix, Arizona

Before:  GRABER, HURWITZ, and MILLER, Circuit Judges.

Petitioner Isidro Briceno-Martinez, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

cancellation of removal.  We review de novo questions of law.  <u>Mohammed v. Gonzales</u>, 400 F.3d 785, 791–92 (9th Cir. 2005).  We deny the petition.

1.  The BIA did not err by denying Petitioner's application for cancellation of removal under 8 U.S.C. § 1229b(b)(1).  Petitioner's daughter turned 21 before his final removal hearing, so she was no longer a "child" under 8 U.S.C. § 1101(b)(1).  Petitioner thus lacked any qualifying relative who would have made him eligible for relief.  <u>See</u> <u>Mendez-Garcia v. Lynch</u>, 840 F.3d 655, 664 (9th Cir. 2016) (deferring under <u>Chevron</u> to <u>In re Isidro-Zamorano</u>, 25 I. & N. Dec. 829 (B.I.A. 2012), and holding that the BIA "reasonably determine[d] that § 1229b(b)(1)(D) requires an alien seeking cancellation to establish hardship to a qualifying relative as of the time the IJ adjudicates the alien's application").  <u>Mendez-Garcia</u> forecloses Petitioner's arguments that the BIA unreasonably interpreted § 1229b(b)(1) and should have used the dictionary definition of "child."  <u>See</u> <u>id.</u> at 665 ("Because 8 U.S.C. § 1101(b)(1) [defines] the term 'child,' the statutory definition controls.").

2.  "Even assuming that extraordinary delays caused by the agency could give rise to a constitutional claim," <u>id.</u> at 667, this case does not involve such delays.  Petitioner was first served with a Notice to Appear in September 2011, and the government scheduled a hearing before an IJ for one month thereafter.

Petitioner then successfully moved for two postponements of that hearing until October 2013. Although the government shutdown in October 2013 caused the IJ to reschedule Petitioner's hearing again, to January 2015, the shutdown itself lasted only 16 days.[1] Petitioner never objected to the delay, nor did he request an expedited hearing date after the shutdown ended.

At the January 2015 hearing, the IJ warned Petitioner that his daughter would cease to be a qualifying relative in January 2016, and the IJ double-booked his calendar for a December 2015 hearing in an effort to accommodate Petitioner. The IJ also suggested that Petitioner try to switch hearing dates with one of his attorney's other clients so that he could appear before October 1, 2015—the date when the statutory limits on grants of cancellation of removal would reset for the new fiscal year. But Petitioner failed to take any action until December 2015, one month before his daughter's 21st birthday, when he moved to switch hearing dates with one of his attorney's other clients. Thus, even assuming that Petitioner has a due process right to have his application for cancellation heard without "extraordinary delay," the agency did not violate that right in this case. See id. at

---

[1] Federal Rule of Evidence 201(b) allows us to take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." We may do so even when reviewing an agency's decision. Singh v. Ashcroft, 393 F.3d 903, 905–06 (9th Cir. 2004).

667 (rejecting the petitioners' due process claims because "neither took action to increase the likelihood that their applications would be adjudicated before their sons turned 21").

**PETITION DENIED.**