Monge v. Garland

BIA
A070 985 529

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand twenty-two.

PRESENT:
MICHAEL H. PARK,
WILLIAM J. NARDINI,
EUNICE C. LEE,
*Circuit Judges.*

_____

HUMBERTO MONGE, AKA,
SEGUNDO HUMBERTO MONGE
SIRANAULA, AKA, CARLOS MONGE,
*Petitioner,*

v.                                      20-2253
                                        NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
*Respondent.*

_____

**FOR PETITIONER:** H. Raymond Fasano, Esq., Youman, Madeo & Fasano, LLP, New York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Acting Assistant Attorney General; Sabatino F. Leo, Assistant Director; Greg D. Mack, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Humberto Monge, a native and citizen of Ecuador, seeks review of a June 16, 2020 decision of the BIA denying his March 2, 2020 motion to reopen his removal proceedings to pursue cancellation of removal. *In re Humberto Monge*, No. A070 985 529 (B.I.A. June 16, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

Monge sought to reopen his removal proceedings on the ground that his former counsel rendered ineffective assistance. Specifically, he asserted that his former counsel should have argued that his Connecticut larceny conviction was not a crime involving moral turpitude ("CIMT")

2

and thus did not render him ineligible for cancellation of removal. We review the denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). "An abuse will be found only in those limited circumstances where the BIA's decision (1) provides no rational explanation, (2) inexplicably departs from established policies, (3) is devoid of any reasoning, or (4) contains only summary or conclusory statements." *Song Jin Wu v. INS*, 436 F.3d 157, 161 (2d Cir. 2006) (citation omitted). "[W]e review de novo constitutional claims and questions of law." *Luna v. Holder*, 637 F.3d 85, 102 (2d Cir. 2011).

To reopen removal proceedings based on ineffective assistance of counsel, a movant must demonstrate prejudice. *Scarlett v. Barr*, 957 F.3d 316, 326 (2d Cir. 2020). Prejudice requires "a *prima facie* showing that, but for counsel's ineffectiveness, [the movant] would have been eligible for . . . relief, and could have made a strong showing in support of his application." *Id.* (citation and internal quotation marks omitted). Thus, Monge had the burden to establish his prima facie eligibility for cancellation of

3

removal. In relevant part, an applicant for cancellation has the burden to establish both that he has no disqualifying convictions, such as a conviction for a CIMT, and "that removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence."[1] 8 U.S.C. § 1229b(b)(1)(D). As the BIA concluded, Monge did not establish prejudice because he challenged only the CIMT finding and did not address the fact that his daughter had aged out as a qualifying relative. *See id.* § 1229b(b); *Scarlett*, 957 F.3d at 326-27.

Monge argues here that his daughter's age should have been tolled because his counsel should have challenged the CIMT finding before his daughter aged out as a qualifying relative. We do not reach the tolling argument because Monge did not directly raise it in his motion to reopen, and the argument is neither subsidiary to nor an extension of arguments that he *did* make in his motion to reopen. *See*

---

[1] A child is "an unmarried person under twenty-one years of age." *Matter of Isidro-Zamorano*, 25 I. & N. Dec. 829, 830 (B.I.A. 2012) (quoting 8 U.S.C. § 1101(b)(1)). A child's age is calculated "at the time the Immigration Judge adjudicated the application on the merits." *Id.* at 831.

4

*Steevenez v. Gonzales*, 476 F.3d 114, 117 (2d Cir. 2007) ("To preserve an issue for judicial review, the petitioner must first raise it with specificity before the BIA" or "the issue . . . must be either a specific, subsidiary legal argument[] or an extension of [an] argument . . . raised directly before the BIA." (cleaned up)).

For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5