[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13188

Non-Argument Calendar

_____

MARIO BALTAZAR-FELIPE,

                                                        Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

                                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A216-021-055

_____

Before WILSON, BRASHER, and MARCUS, Circuit Judges.

PER CURIAM:

Mario Baltazar-Felipe seeks review of the order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") decision denying Baltazar-Felipe's application for cancellation of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(b)(1). Baltazar-Felipe argues that the BIA erred in concluding that one of his sons, who turned 21 years old after the IJ's decision but before the BIA's, was no longer a qualifying relative whose hardship was relevant to Baltazar-Felipe's eligibility for cancellation of removal. After careful review, we deny the petition.

We review only the decision of the BIA, except to the extent the BIA expressly adopts the IJ's decision or explicitly agrees with the IJ's findings. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016). We lack jurisdiction to review any judgment regarding cancellation of removal except to the extent that the petitioner raises a constitutional claim or question of law. 8 U.S.C. § 1252(a)(2)(B)(i), (D). We review questions of law *de novo*. *Jeune*, 810 F.3d at 799. We will defer to the BIA's interpretation of an immigration statute if: (1) the statute is ambiguous; and (2) the interpretation is reasonable and does not contradict the clear intent of Congress. *De Sandoval v. U.S. Att'y Gen.*, 440 F.3d 1276, 1278–79 (11th Cir. 2006).

The BIA lacks the authority to engage in fact-finding, apart from taking judicial notice of facts not subject to reasonable dispute, and instead may only review factual findings made by the IJ to determine if those findings are clearly erroneous. 8 C.F.R. § 1003.1(d)(3)(i), (iv). The "application of a legal standard to undisputed or established facts" is a question of law. *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1068 (2020).

Under the INA, the Attorney General has the discretion to cancel the removal of noncitizens who are not lawful permanent residents ("LPRs") if they establish that: (1) they have been continuously physically present in the United States "for a continuous period of not less than 10 years immediately preceding the date of such application" for cancellation of removal; (2) they have been "person[s] of good moral character" while present in the United States; (3) they have not been convicted of certain specified criminal offenses; and (4) their "removal would result in exceptional and extremely unusual hardship" to their "spouse, parent, or child, who is a citizen [or LPR] of the United States." 8 U.S.C. § 1229b(b)(1). According to the INA, "child" is defined as an unmarried person under 21 years of age. *See id.* § 1101(b)(1).

The BIA has held that an application for cancellation of removal "is a continuing one," and therefore the issues of qualifying relatives and of good moral character "should properly be considered as of the time an application for cancellation of removal is finally decided" by the BIA on appeal. *Matter of Bautista Gomez*, 23 I. & N. Dec. 893, 894 (BIA 2006); *see also id.* at 894–95

(noting that the only eligibility element that must be established prior to the service of a notice to appear ("NTA") is continuous physical presence, which ends with service of the NTA pursuant to the INA's stop-time rule found in 8 U.S.C. § 1229b(d)(1)). The period during which qualifying relatives are determined ends with the entry of a final administrative order, because any other rule would prevent important life events such as the birth of a qualifying child, marriage, or the serious accident or illness of a relative from being afforded the appropriate consideration in the adjudication process. *Id.* at 893–95.

Applying the "continuing application" doctrine of *Bautista Gomez*, the BIA has held that whether a potentially qualifying relative is a "child" is determined on the date of the adjudication of the non-citizen's application. *Matter of Isidro-Zamorano*, 25 I. & N. Dec. 829, 831 (BIA 2012). In *Matter of Isidro-Zamorano*, a non-citizen applied for cancellation of removal and argued that his son was a qualifying relative, but when an IJ adjudicated the claim, the son was over 21 and the application was denied for lack of a qualifying relative. *Id.* at 829–30. The BIA affirmed that the son was no longer a "child" and therefore not a qualifying relative on appeal. *Id.* at 831–33.

Here, as an initial matter, the BIA did not engage in improper fact finding when it said that Baltazar-Felipe's son Andres was 21 at the time of its decision. For starters, the question of when age is established in identifying qualifying relatives is a question of law that we have jurisdiction to review. 8 U.S.C. §

1252(a)(2)(B)(i), (D)*; Guerrero-Lasprilla*, 140 S. Ct. at 1068. And in stating Andres's age, the BIA merely applied the established fact of Andres's birthdate to the date of the BIA's decision and the BIA's legal standard for when an applicant qualifies as a "child" under the cancellation of removal statute. *Guerrero-Lasprilla*, 140 S. Ct. at 1068; *see also* 8 U.S.C. § 1229b(b)(1)(D); 8 C.F.R. § 1003.1(d)(3)(i), (ii), (iv). Thus, the BIA did not err when it stated that Andres was 21 years old.

Turning to the merits, we are unpersuaded by Baltazar-Felipe's claim that the BIA's interpretation of 8 U.S.C. § 1229b(b) is unreasonable. First, the statute is unambiguous. It provides that "removal [must] result in exceptional and extremely unusual hardship" to the petitioner's "child," which is defined in the INA as an unmarried person under 21 years of age. 8 U.S.C. § 1229b(b)(1)(D); 8 U.S.C. § 1101(b)(1). In other words, the plain language of the statute indicates that the relative must be a child -- that is, under 21 years of age and unmarried -- when the hardship of removal occurs, which can only be after the final adjudication of the application for cancellation of removal.

But even if the statute were somehow ambiguous as to timing, the BIA's interpretation that the applicant's relative must be a "child" throughout the final adjudication of the application is a reasonable construction of the statutory language. Indeed, the BIA's interpretation of the statute has construed the *entire* hardship-to-qualifying-relatives provision as applying to the facts as they evolve while the application is pending. So, under the BIA's

reading, if new U.S. citizen or LPR children are born, their hardship can be considered, whereas if formerly qualifying relatives "age out" of the "child" definition, their hardship is no longer relevant to the applicant's eligibility. In so doing, the BIA's treatment of the hardship-to-qualifying-relatives determination as a "continuing" analysis -- similar to other determinations like good moral character -- is a permissible interpretation of the statute. Accordingly, the BIA properly found that Andres is no longer a child, and, thus, that any hardship posed to Andres by Baltazar-Felipe's removal does not factor into the adjudication of Baltazar-Felipe's application for cancellation of removal.

**PETITION DENIED.**