[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12590

Non-Argument Calendar

_____

PEDRO ZARATE PINA,
MARINA DOMINGUEZ GONZALEZ,

Petitioners,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A205-548-158

_____

Before NEWSOM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Pedro Zarate Piña and Marina Dominguez Gonzalez (collectively, "Petitioners") petition this Court for review of the Board of Immigration Appeal's ("BIA") final order denying their respective applications for cancellation of removal because they no longer had a qualifying child under the age of 21.[1]  They argue that, although their daughter turned 21 before the BIA issued its decision, they should still be eligible for cancellation of removal because there was a five-year delay between when they were first served a notice to appear and the BIA's order, which resulted in their qualifying relative aging out.[2]  After review, we deny the petition for review.

---

[1] An immigration judge may cancel the removal of an alien and adjust an alien's status to that of a lawful permanent resident, if among other requirements, the alien "establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child" who is a U.S. citizen or lawful permanent resident. 8 U.S.C. § 1229b(b)(1).  A qualifying "child" is defined as "an unmarried person under twenty-one years of age." *Id.* § 1101(b)(1).

[2] The Petitioners also argue that they established the requisite hardship standard for cancellation of removal.  The BIA, however, expressly declined to reach this issue, and "we do not consider issues that were not reached by the BIA." *Ponce Flores v. U.S. Att'y Gen.*, 64 F.4th 1208, 1222 n.7 (11th Cir. 2023) (alteration adopted) (quotations omitted).

## I .    Background

Petitioners are married natives and citizens of Mexico who entered the United States without inspection in 2000.  In April 2019, the Department of Homeland Security issued each petitioner a notice to appear ("NTA"), charging them with removability, pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), alleging that they were present in the United States without being admitted or paroled.  In October 2019, they appeared with counsel before an immigration judge ("IJ") and conceded their removability as charged.  The IJ designated Mexico as their country for removal.  Petitioners' counsel indicated that the Petitioners would be pursuing asylum, withholding of removal, relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), and cancellation of removal.  The IJ inquired as to whether the Petitioners wished to have their cases proceed on an "expedited" or "non-expedited" basis, and counsel replied, "[n]on-expedited."  As a result, the IJ set Petitioners' next hearing for December 2, 2021.

On January 26, 2020, the Petitioners each filed an application for cancellation of removal and adjustment of status, pursuant to 8 U.S.C. § 1229b(b).  In their applications, Petitioners asserted that their removal would result in exceptional and extremely unusual hardship to their then-17-year-old United States citizen child, Ruby.

On December 2, 2021, approximately one month before Ruby's nineteenth birthday,[3] the Petitioners appeared for their hearing before the IJ on their applications for relief from removal. At this hearing, Petitioners' counsel informed the court that the Petitioners would not be pursing asylum, withholding of removal, or CAT relief, and were only seeking cancellation of removal. The IJ then heard lengthy testimony from both Petitioners, their 26-year-old adult son, and Ruby in support of their applications for cancellation of removal based on the hardship that Ruby would experience if they were removed. Following their testimony, the IJ noted that Ruby would be 21 in just over two years, had graduated college, and did not have any health problems, and held that Petitioners had not met the "extremely high" standard for demonstrating exceptional and extremely unusual hardship for cancellation of removal. Accordingly, the IJ ordered the Petitioners removed to Mexico.

Petitioners through counsel timely appealed the IJ's decision to the BIA, arguing that they sufficiently demonstrated that Ruby would face exceptional and extremely unusual hardship if they were removed. Petitioners submitted their brief on appeal to the BIA on May 4, 2023, less than a year before Ruby's 21st birthday. Then, in August 2023, the BIA issued a notice stating that due to another pending appeal which might relate to the denial of the

---

[3] Petitioners' applications indicated that Ruby was born on January 5, 2003.

24-12590              Opinion of the Court                    5

application for cancellation of removal,[4] it intended to remove the Petitioners' case from its active docket on October 24, 2023, unless either party submitted a written objection requesting that the case remain on the active docket.   Petitioners did not submit an objection, and the case was removed from the BIA's active docket.

In May 2024, after Ruby had turned 21, the Petitioners filed a motion with the BIA to have the case recalendared.  The BIA promptly recalendared the case in June 2024.  Thereafter, the BIA dismissed the appeal, holding that the Petitioners were no longer eligible for cancellation of removal because their daughter had since turned 21 and was no longer a qualifying relative, citing its decision in *Matter of Isidro-Zamorano*, 25 I. & N. Dec. 829, 831 (B.I.A. 2012).  As a result, the BIA declined to reach the issue of whether the Petitioners had demonstrated that Ruby would suffer exceptional and extremely unusual hardship if they were removed. Petitioners filed a timely petition for review with this Court.

## II.    Discussion

Petitioners argue that they should still be eligible for cancellation of removal, even though their daughter is now over

---

[4] It is unknown from the record before this Court to what pending matter the BIA referred.

21, because there was an unreasonable five-year delay in adjudicating their removal proceedings.[5]

"We review only the decision of the [BIA], unless the [BIA] has expressly adopted the [IJ's] decision. We review the [BIA's] interpretation of a statute de novo." *Diaz-Arellano v. U.S. Att'y Gen.*, 120 F.4th 722, 725 (11th Cir. 2024) (citation omitted).

As noted previously, the IJ has the discretionary authority to cancel the removal of an alien and adjust an alien's status to that of

---

[5] The government argues that we should not consider the Petitioners' undue delay argument because they failed to raise it before the BIA, and, therefore, it is unexhausted. Under 8 U.S.C. § 1252(d)(1), "[a] court can review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). Although not jurisdictional, this exhaustion requirement is a "claim-processing rule," and "is generally applied where, as here, it has been asserted by a party." *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023) (quotations omitted).

We agree that the Petitioners did not raise the issue of undue delay in their counseled brief before the BIA. Therefore, the issue is arguably unexhausted. *Id.* However, at the time the Petitioners filed their brief before the BIA, Ruby had not yet turned 21, so they did not have a basis for raising this issue of equitable relief. And it is unclear as to whether they had the opportunity to subsequently raise this issue to the BIA after the BIA issued its decision. Accordingly, given the circumstances and in an abundance of caution, we conclude that the exhaustion requirement does not bar our consideration of this issue. *See Indrawati v. U.S. Att'y. Gen.*, 779 F.3d 1284, 1299 (11th Cir. 2015) (rejecting the government's argument that the Petitioner's claim that the BIA's decision lacked reasoned consideration was unexhausted because the government essentially "fault[ed] [the petitioner] for not raising an argument about . . . a decision not yet in existence"), *overruled on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411, 415 n.2, 419–23 (2023).

24-12590               Opinion of the Court                    7

a lawful permanent resident if, among other requirements, the alien "establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child" who is a U.S. citizen or lawful permanent resident. 8 U.S.C. § 1229b(b)(1)(D).  However, to be a qualifying "child," the child must be "an unmarried person under twenty-one years of age." *Id.* § 1101(b)(1).

While the Petitioners' appeal was pending, we addressed a nearly identical situation to the one here in *Diaz-Arrellano*, holding that the unambiguous statutory language of § 1229b(b)(1)(D) required that "there must be a child—an unmarried person under the age of twenty-one—when the final decision on cancellation of removal is made." 120 F.4th at 725.[6]  We explained that "[i]t [was] not enough that there was once a child who would have suffered hardship when the alien first applied for relief." *Id*.  We then

---

[6] We did not address whether the BIA's decision in *Matter of Isidro-Zamorano*, 25 I. & N. Dec. 829 (B.I.A. 2012) (holding that a child who turns twenty-one before the adjudication of her parent's application for cancellation of removal is no longer a qualifying relative under the statute), was correct or otherwise entitled to deference because, while *Diaz-Arellano*'s appeal was pending, the Supreme Court formally overruled the *Chevron* deference regime. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024).  Accordingly, we did not consider the BIA's decision in *Matter of Isidro-Zamorano*, and instead "exercise[d] our 'independent judgment' in considering whether the [BIA] acted within its statutory authority" in concluding that Diaz-Arellano was not statutorily eligible for cancellation of removal because his child was no longer 21. *Diaz-Arellano*, 120 F.4th at 725 (quoting *Loper-Bright*, 603 U.S. at 412).

rejected Diaz-Arellano's argument that he should still be eligible for cancellation of removal based on an undue delay in his removal proceedings, noting that he had cited no authority for such an exception. *Id.* at 727. Furthermore, we concluded that, even if such an exception existed, he did not qualify because the "delays [that] occurred were the product of [his] own decisions." *Id.*

Our decision in *Diaz-Arellano* squarely forecloses the Petitioners' claim. First, because Ruby was no longer under 21 at the time the BIA rendered its final decision, the Petitioners were no longer eligible for cancellation of removal. *Id.* at 725–26; *see also* 8 U.S.C. § 1101(a)(47)(A) (providing that the IJ's order of removal is final "upon the . . . determination by the [BIA] affirming such order"). Second, Petitioners have cited no authority for an equitable exception to the cancellation of removal statute based on an alleged undue delay in the removal proceedings. But, even if such an exception existed, like Diaz-Arellano, Petitioners would not qualify because any delay in their removal proceedings was of their own making. *Diaz-Arellano*, 120 F.4th at 727. They expressly declined to expedite their removal proceedings in 2019. Then they did not request to expedite their appeal before the BIA despite knowing that their daughter would be turning 21 in less than two years. They did not raise an objection to the BIA's notice that it was removing their case from its active docket in October 2023, despite knowing that their daughter was turning 21 in a matter of months. Finally, they did not seek to recalendar the case until May 2024, several months after Ruby's 21st birthday. We conclude that

24-12590                Opinion of the Court                          9

these circumstances "leave[] no serious argument for equitable relief because of undue or unfair delay." *Id.* (quotations omitted).

Accordingly, we deny the petition for review.

**PETITION DENIED.**