NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 26 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAVIER VACA PRADO,

Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 25-161

Agency No.
A209-145-337

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2026[**]
San Francisco, California

Before: WARDLAW, BEA, and SANCHEZ, Circuit Judges.

Javier Vaca Prado ("Petitioner") appeals an order of the Board of

Immigration Appeals ("BIA"), which dismissed his appeal of an immigration

judge's ("IJ") decision, which had denied Petitioner's application for cancellation

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of removal under 8 U.S.C. § 1229b(b)(1) and his request for post-conclusion voluntary departure. Our jurisdiction is governed by 8 U.S.C. § 1252. We deny in part and dismiss in part the petition. Because the parties are familiar with the facts, we recite them only as necessary to explain our decision.

Under § 1229b(b)(1), the Attorney General may exercise discretion to cancel an alien's removal if the alien "(A) ha[s] been physically present in the United States for a continuous period of ten years or more, (B) ha[s] been a person of good moral character during that time, (C) ha[s] not been convicted of certain enumerated offenses, and (D) 'establish[es] that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.'" *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 999 (9th Cir. 2025) (quoting § 1229b(b)(1)). Only the fourth criterion is at issue in this appeal.

We "review only the BIA's opinion, except to the extent that it expressly adopted portions of the IJ's decision." *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1178 (9th Cir. 2021) (quoting *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020)). "[W]e … apply a deferential standard of review to the primarily factual mixed question at hand—whether the BIA erred in applying the exceptional and extremely unusual hardship standard to a given set of facts—by reviewing for substantial evidence." *Gonzalez-Juarez*, 137 F.4th at 1003 (footnote

omitted) (citing *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024)). Under the "highly deferential" substantial evidence standard of review, "we may grant a petition only if the petitioner shows that the evidence '*compels* the conclusion' that the BIA's decision was incorrect." *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (internal citations omitted).

First, the evidence does not compel the conclusion that Petitioner's removal would result in exceptional and extremely unusual hardship for Petitioner's U.S.-citizen wife or son.[1] *See* § 1229b(b)(1)(D); *Gonzalez-Juarez*, 137 F.4th at 1007–08. The BIA found that Petitioner's wife and son would remain in the U.S. in the home of Petitioner's mother-in-law, and Petitioner's wife would continue to receive health benefits to treat her diabetes. The BIA acknowledged that Petitioner's wife and son would face "financial hardship," but concluded that any economic hardship did "not rise to the level of exceptional and extremely unusual." These findings are supported by substantial evidence. Thus, we deny in part the petition for review.

Second, under 8 U.S.C. §§ 1229c(f) and 1252(a)(2)(B)(i), we lack jurisdiction to review the IJ's discretionary denial of voluntary departure. *See*

---

[1] By the time the case came to the BIA on appeal, Petitioner's son was over the age of 21, and the BIA noted that he was thus "no longer a qualifying relative." *See also Matter of Isidro-Zamorano*, 25 I. & N. Dec. 829, 832–33 (BIA 2012). The BIA considered the claims of exceptional and extremely unusual harm to Petitioner's son in any case.

*Gomez-Lopez v. Ashcroft*, 393 F.3d 882, 884 (9th Cir. 2005) ("We do not have jurisdiction to review the denial of voluntary departure."). Thus, we dismiss in part the petition for review.

**PETITION DENIED IN PART AND DISMISSED IN PART.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal, Dkt. 6, is otherwise denied.