23-6231
Cruz v. Garland

BIA
Palmer, IJ
A216 207 096

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand twenty-four.

PRESENT:
> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

---

RUCIO CRUZ,
> *Petitioner*,

v.                                                                      **23-6231**

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

---

FOR PETITIONER:              Farid Ahmed, Jackson Heights, NY.

FOR RESPONDENT:              Song Park, Senior Litigation Counsel, Office of Immigration Litigation (Brian M. Boynton,

Principal Deputy Assistant Attorney General, and Jennifer P. Levings, Assistant Director, *on the brief*), Civil Division, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED**.

Petitioner Rucio Cruz, a native and citizen of Mexico, seeks review of a February 15, 2023 decision of the BIA finding him statutorily ineligible for cancellation of removal. *In re Rucio Cruz*, No. A216 207 096 (B.I.A. Feb. 15, 2023). We have reviewed only the BIA's decision because the BIA denied cancellation of removal on a ground independent of the decision of the immigration judge ("IJ"). *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We assume the parties' familiarity with the underlying facts and procedural history, which we reference only as necessary to explain our decision to grant the petition and remand to the BIA for further consideration.

The BIA found Cruz ineligible for cancellation for the sole reason that his daughter had turned 21 while his appeal was pending. A nonpermanent resident, like Cruz, may have his removal cancelled if, as relevant here, he establishes "that removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States" or a lawful permanent resident. 8 U.S.C. § 1229b(b)(1)(D). A "child" means "an unmarried person under twenty-one years of age." *Id*. § 1101(b)(1).

2

Notably, Cruz's U.S. citizen daughter was a qualifying relative at the time of the IJ's 2019 decision, which denied cancellation because it found that Cruz had not demonstrated that his removal would cause "exceptional and extremely unusual hardship" to his daughter. *Id*. § 1229b(b)(1)(D). Cruz's daughter turned 21 in October 2021 while his petition was pending before the BIA. In February 2023, the BIA dismissed his appeal, finding that Cruz was not statutorily eligible for relief because his daughter had turned 21 and was no longer a qualifying relative.

Our jurisdiction to review the agency's denial of cancellation of removal is limited to constitutional claims and questions of law—which include mixed questions of law and fact. *See* 8 U.S.C. § 1252(a)(2)(B), (D); *Wilkinson v. Garland*, 601 U. S. ____ (2024). We review constitutional claims and questions of law *de novo*. *See Dale v. Barr*, 967 F.3d 133, 138 (2d Cir. 2020).

Cruz's case raises two reviewable questions of law: (1) whether a cancellation applicant's qualifying relative "aging out" by turning 21 while an appeal is pending before the BIA renders the applicant ineligible for cancellation of removal and, if so, (2) whether undue delay by the agency can excuse the "aging out" of that relative. *See Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2007) (noting that the Court may review "error[s] of law" or whether a decision was "based on a legally erroneous standard"

3

(internal quotation marks omitted)); *see also Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 227 (2020) (concluding that questions of law include application of law to fact).

Cruz has abandoned any challenge to the first question. In his brief, he includes a single sentence without citation that his daughter was under 21 when the IJ adjudicated the cancellation application. While the agency itself has previously found that an applicant may lose eligibility for cancellation of removal if the qualifying relative ages out while the application is pending with an IJ, *see Matter of Isidro-Zamorano*, 25 I. & N. Dec. 829, 830–31 (B.I.A. 2012), there is no authority that requires such an outcome, and our Court has not held that the child must, or even can, age out of qualifying status after the IJ's decision and while an appeal is pending. However, Cruz has abandoned any challenge to the BIA's conclusion that cancellation is a continuing application by not arguing that point. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)).

Nevertheless, Cruz argues correctly that *Isidro-Zamorano*, 25 I. & N. Dec. 829, leaves open the possibility for adjudication of the merits of a cancellation application where the qualifying relative aged out of qualifying status because of undue procedural delays. As explained below, the facts are unclear as to why briefing and decision were delayed. As

4

such, we remand for the BIA to address in the first instance whether the delays on appeal in this case were undue and attributable to the agency, and if they were, for the BIA to review the IJ's denial of cancellation of removal in the first instance.

Cruz was served with a notice to appear in April 2018, he applied for cancellation of removal in July 2019, and an IJ issued a decision in September 2019. Before the Immigration Court, the only delay in the processing time was a 90-day continuance that Cruz requested. There was no undue delay at this stage in the proceedings. *See id.* at 832 ("[A] period of just over a year from service of the notice to appear to a determination on the merits is not an unreasonable or even unusual amount of time for the conclusion of removal proceedings.").

On appeal to the BIA, however, the reasons for delay are less clear. The BIA received Cruz's appeal on October 3, 2019. The following day, the BIA informed Cruz and his attorney that his attorney's notice of appearance had been rejected due to a registration error. On October 9, the BIA received a letter from Cruz's attorney indicating that the problem had been corrected. No briefing schedule was issued. His attorney filed another letter in January 2020, noting that the error had been corrected and the form resubmitted in October 2019. But the BIA did not respond until April 2021, when it issued a briefing schedule setting a briefing deadline of May 2021. Cruz timely filed his brief in May 2021. The BIA issued its decision nearly two years later, in

5

February 2023. We cannot determine from the record whether counsel's first corrected notice of appearance form was satisfactory or accepted—or whether error in counsel's filings caused the delay in the BIA's issuance of the briefing schedule, or why the BIA did not issue a decision until almost two years after briefing concluded.

As the BIA noted in its decision, Cruz never requested expedited review because of his daughter's age. However, available agency and federal court case law does not explicitly hold that a qualifying relative can age out of qualifying status while an appeal is pending, so it is not clear that he had notice of this issue—and furthermore, there is no authority stating that such a motion is even required. *Cf. Isidro-Zamorano*, 25 I. & N. Dec. at 830–31; *Martinez-Perez v. Barr*, 947 F.3d 1273, 1281–82 (10th Cir. 2020) (remanding for agency to consider delay where child turned 21 before IJ adjudicated application); *Mendez-Garcia v. Lynch*, 840 F.3d 655, 665–67 (9th Cir. 2016) (upholding denial of cancellation where child turned 21 after BIA remanded case to IJ for further proceedings).

We therefore remand for the BIA to consider in the first instance whether the delays in this case were undue and attributable to the agency, and if the BIA finds that they were, for the BIA to address the IJ's reasons for finding Cruz ineligible for cancellation. *See INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) ("Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands.").

6

For the foregoing reasons, the petition for review is **GRANTED** and the case is **REMANDED** for further proceedings. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court